```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

THIERRY P. DELOS                    :    BK No. 08-11548
            Debtor                           Chapter 7
                                    :
STACIE L. DELOS,
            Plaintiff               :

     v.                             :    A.P. No. 08-1049

THIERRY P. DELOS                    :
            Defendant

- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER DETERMINING DEBT NONDISCHARGEABLE

APPEARANCES:

    Kevin D. Heitke, Esq.
    Attorney for Plaintiff
    1452 Broncos Highway, Suite 203
    P.O. Box 556
    Harrisville, Rhode Island 02830

    Russell D. Raskin, Esq.
    Attorney for Debtor/Defendant
    RASKIN & BERMAN
    116 East Manning Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-11548; A.P. No. 08-1049

Heard on Motions for Summary Judgment filed by Stacie L. Delos, Plaintiff ("Stacie"), and Thierry L. Delos, Defendant/Debtor ("Thierry").  The Court has reviewed and considered the written submissions and the oral arguments of the parties, and has had the matter under advisement since April 2009.

In dispute is whether Thierry's debt to his former wife, arising from a premarital agreement, is excepted from discharge under Section 523(a)(15) of the Bankruptcy Code.[1]  For the reasons discussed below, and the legal and statutory authorities referenced, I conclude that the debt in question is not dischargeable.

## TRAVEL AND BACKGROUND

On June 15, 1991, prior to but in contemplation of marriage, the parties executed a premarital agreement. See Joint Ex. A (Doc. No. 55).  Their August 31, 1991 marriage lasted fourteen years, when Thierry filed a petition for divorce.  Stacie filed an answer and counterclaim to the divorce petition, and with the pretrial activities concluded, the case proceeded to a contested hearing on the merits in the Providence County Family Court.  The family court judge, Hon. Howard Lipsey ("the FCJ"), appointed a forensic expert to examine and analyze the numerous financial transactions between the spouses (and their families), and to determine their respective

---

[1] 11 U.S.C. § 101, et. seq.

1

BK No. 08-11548; A.P. No. 08-1049

liabilities.  Among the issues litigated in the family court was whether monies received by Thierry from Stacie were traceable to her premarital assets, and in his Order dated April 1, 2008, Justice Lipsey found that they were.  Joint Ex. "D" (Doc. No. 55). In addition, based upon the evidence, including the report of the forensic expert, the FCJ ruled: (1) that there was no donative intent on the part of the wife, and (2) that the amount owed by Thierry to his wife was $726,454.27.

On May 28, 2008, Thierry filed this Chapter 7 case and listed Stacie as an unsecured creditor in the amount of $839,700 for "[M]onies owed under Pre-Marital Agreement dated June 15, 1991." Stacie filed a Proof of Claim in the amount of $943,619.  On August 1, 2008, a Final Judgment of Divorce was entered in the Family Court and on August 28, 2008, Stacie filed the within adversary proceeding, asserting that her claim is nondischargeable under Section 523(a)(15).  Thierry objected on the ground that the debt is based on the premarital contract, and that on the facts of this case, any obligations resulting therefrom are not excepted from discharge.

## **THE SUMMARY JUDGMENT STANDARD**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

2

BK No. 08-11548; A.P. No. 08-1049

movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056( c). *See also Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir. 1994) (citations omitted) (footnote omitted). Because there are no genuine issues of material fact in dispute,[2] consideration and disposition of this adversary proceeding on summary judgment is appropriate.

## **LEGAL DISCUSSION**

Section 523(a)(15) of the Bankruptcy Code provides:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt -
> ....
> (15) to a spouse, former spouse, ... that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, ....

11 U.S.C. § 523(a)(15). This Section, which doesn't mention premarital contracts, leaves open the issue whether the debt in question was incurred in the course of, or in connection with, the parties' divorce. As far as we can determine, this is the first time this particular question has been raised in a reported case in Rhode Island, or in the First Circuit.

The Debtor's main argument is that under Section 523(a)(15), a debt based on a pre-marital agreement is dischargeable because it is not a debt "(1) incurred by the debtor in the course of a

---

[2] See Joint Pretrial Order (Doc. No. 40) at 3.

3

BK No. 08-11548; A.P. No. 08-1049

divorce or separation, or (2) in connection with a separation agreement, divorce decree or other order of a court of record."[3] Memorandum in Support of Defendant's Objection to Plaintiff's Motion for Summary Judgment (Doc. No. 14) at 4. Alternatively, he argues that it is not even necessary for this Court to rule whether Section 523(a)(15) excludes premarital agreements, since the FCJ specifically held in the divorce case that the division of property was governed by the premarital agreement, and that the division of assets was not based upon general equitable distribution principles.[4] Defendant's Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment (Doc. No. 52) at 1-2.

The execution of a premarital agreement, by definition, predates both the marriage and the divorce. *See* R.I. Gen. Laws § 15-17-1(1)(1956) (defining a premarital agreement as "an agreement between prospective spouses made in contemplation of marriage and to be effective upon marriage"). This fact alone, however, does not necessarily exclude such debts from the operation or scope of Section 523(a)(15).

---

[3] As will be explained below, the Debtor's argument fails because it is premised on the factually and legally incorrect assumption that the disputed obligation was *not* "incurred in the course of a divorce...." *See* 11 U.S.C. § 523(a)(15).

[4] As referenced *infra*, at 6-7, the Debtor's characterization of Justice Lipsey's discussion and consideration of the property division issue is not supported by the record.

4

BK No. 08-11548; A.P. No. 08-1049

Thierry has cited no case supporting his position, and neither has Stacie provided any authority for hers. The Court's own research did turn up one Court of Appeals decision holding a pre-marital loan to be nondischargeable. *See In re Short*, 232 F.3d 1018, 1024 (9th Cir. 2000)(a premarital debt becomes a divorce related debt covered by Section 523(a)(15) when it is expressly included in a decree of dissolution); *see also In re Hall*, 285 B.R. 485, 489 (Bankr. D. Kan. 2002). In that case, prior to the marriage, Ms. Short agreed to loan Mr. Short $50,000, and she advanced that amount to him. During the marriage, the parties entered into an agreement acknowledging that the "obligation to repay [the] $50,000 to Ms. Short was incurred prior to their marriage and was the separate property of Ms. Short." *Short*, 232 F.3d at 1021. Several weeks after the agreement was executed, the parties separated. Mr. Short then filed for divorce. The Decree of Dissolution provided that "[t]he stipulation as agreed upon by the parties and set forth in this judgment does hereby supercede the Post Nuptial Agreement and becomes the agreement of the parties. The Post Nuptial Agreement is hereby null and void." *Id*. Importantly, the stipulated judgment also included in detail the payment terms of the loan, i.e., that after offsets and deductions, Mr. Short owed Ms. Short $41,450, and that "[t]his amount will bear interest at the rate of 8.469% per annum simple interest, said

5

BK No. 08-11548; A.P. No. 08-1049

interest commencing on said principal amount on May 15, 1993. The petitioner shall pay the sum of $600 per month to the respondent until such time as the loan is paid. The loan is an unsecured debt." *Id*. In those circumstances, the Ninth Circuit held that "[b]ecause Mr. Short's debt to Ms. Short was incurred by him as part of a division of property under the terms of a judgment of dissolution, we conclude that the debt was incurred in connection with a divorce decree and therefore subject to § 523(a)(15)." *Id*. at 1024.

In our case, in the Final Judgment of Divorce, the FCJ noted that because of the valid, enforceable premarital agreement "this case could not be treated as the ordinary equitable assignment case," and that the premarital agreement "spells out the rights of the parties."[5] Joint Ex. "E" (Doc. No. 55) at 2, 3. If this had been the end of the FCJ's consideration of the issue of distribution of the assets, Thierry's argument just might have survived the effect(s) of Section 523. But here, as part of a full blown contested divorce proceeding, the FCJ: (1) appointed a forensic accountant to examine and report upon the numerous financial transactions back and forth between the parties; (2) the Debtor testified in opposition to and in contradiction of the

---

[5] The Premarital Agreement was incorporated, but not merged, into the August 1, 2008 Final Judgment of Divorce.

6

BK No. 08-11548; A.P. No. 08-1049

forensic evidence; and (3) the FCJ made findings of fact and conclusions of law, including that Thierry's testimony was "sketchy, convoluted and lack[ing] any significant, credible basis." Id. at 3.  The FCJ reviewed the report "in detail" and, only after considering testimony and weighing witness credibility did he reject Thierry's testimony and adopt the findings and conclusions of the forensic expert.  Id.  The FCJ also made his own detailed findings and determined the respective liabilities of the parties.  Id. at 4-5.

The January 2008 Decision, the April 2008 Amended Decision Pending Entry of Final Judgment, and the August 2008 Final Judgment of Divorce all contain the FCJ's conclusions that Thierry owed Stacie $726,454.27.  In Joint Exhibits "C", "D", and "E", Thierry was ordered to file, within thirty (30) days, a payment plan with the court.[6]  Joint Ex. "C" (Doc. No. 55) at 8, 11; Joint Ex. "D" (Doc. No. 55) at 6, 8; Joint Ex. "E" (Doc. No. 55) at 4, 6.  All of the FCJ's rulings are unappealed, final orders.

The longer one looks at what really happened here, the clearer it is to the Court that the rights and obligations of these parties were specifically addressed, litigated, and resolved "in the course of a divorce or separation, or in connection with a separation

---

[6] The record does not show whether Thierry ever complied with said order.

7

BK No. 08-11548; A.P. No. 08-1049

agreement..." and that the disputed debt clearly was "incurred by the debtor ... in the course of a divorce ... in connection with a *divorce decree* ...." § 523(a)(15). After an admittedly long *under advisement period*, I eventually conclude for the reasons discussed above that the Plaintiff's claim should be, and hereby is excepted from discharge.

Accordingly, the Plaintiff's Motion for Summary Judgment is **GRANTED**, and the Defendant's Cross Motion for Summary Judgment is **DENIED**.

Enter Judgment consistent with this Order.

Dated at Providence, Rhode Island, this 19th day of November, 2009.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 11/19/09

8